**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**


ROBERT WORKMAN,         )
                               )
            Petitioner,  )    C.A. No. 07-146 Erie
                               )
      v.                  )
                               )    District Judge McLaughlin
WARDEN SCI GREENE, <u>et</u> <u>al.</u>,    )    Chief Magistrate Judge Baxter
                               )
          Respondents. )


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION**

Petitioner, Robert Workman, is serving a judgment of sentence imposed on November 17, 1987 by the Court of Common Pleas of Erie County at Criminal Docket No. 1279 of 1987. He has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 attacking that judgment of sentence. (Document # 9). The petition is at least the second habeas petition that he has filed with this Court in which he challenges that judgment of sentence. Because he did not receive from the Court of Appeals for the Third Circuit an order authorizing this Court to consider this successive petition, as required by 28 U.S.C. § 2244(b)(3)(A), it is recommended that the petition be dismissed for lack of jurisdiction and that a certificate of appealability be denied. It is further recommended that Respondents' Motion to Dismiss (Document # 16), which is based upon allegations that the petition is untimely, be denied as moot.


**II.**    **REPORT**

    **A.**    **Relevant Factual and Procedural History**

On November 17, 1987, following a trial in the Court of Common Pleas of Erie County, Petitioner was found guilty of unlawful restraint, terroristic threats, corruption of minors, recklessly endangering another person, indecent assault, indecent exposure, and possessing instruments of crime. He was sentenced to a term of incarceration of 22 to 44 years. Through counsel, Petitioner

filed a notice of appeal to the Superior Court of Pennsylvania. The Superior Court dismissed Petitioner's appeal without prejudice to his rights under the Post Conviction Hearing Act ("PCHA") due to his failure to file a brief. (The PCHA has since been substantially amended and is now titled the Post Conviction Relief Act ("PCRA"), 42 Pa.Cons.Stat. §§ 9541 *et seq*.).

Petitioner filed a *pro se* PCHA motion on May 25, 1988, which was amended through newly-appointed counsel on June 30, 1988. The Common Pleas Court denied the motion on August 26, 1988. On May 10, 1989, the Superior Court affirmed. The Supreme Court of Pennsylvania denied a Petition for Allocator in October 1989. Almost eleven years later, on August 7, 2000, Petitioner filed a *pro se* post-conviction motion under the PCRA. On August 28, 2000, the Common Pleas Court issued an Order denying Petitioner's motion because it was untimely. Petitioner did not appeal.

On or about December 11, 2000, Petitioner filed with this Court a *pro se* petition for writ of habeas corpus in which he challenged the state judgment of sentence imposed on November 17, 1987. That petition was docketed as <u>Workman v. Superintendent Wilson, et al.</u>, Civil Action No. 00-333 (Johnstown). On October 12, 2003, this Court dismissed the petition as untimely under the applicable statute of limitations, which is set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d).

On or around September 20, 2007, Petitioner filed with this Court the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the petition, he once again challenges the state judgment of sentence imposed on November 17, 1987 at Criminal Docket No. 1279 of 1987. .

### B.    Discussion

Because this petition is at least the second federal habeas corpus petition that Petitioner has filed in which he challenges his November 17, 1987 judgment of sentence, it is subject to the authorization requirements set out at 28 U.S.C. § 2244(b), a provision AEDPA. In pertinent part, AEDPA mandates that before filing a second or successive habeas corpus petition, a petitioner must obtain an order from the court of appeals authorizing the district court to consider the petition. 28 U.S.C. §2244(b)(3)(A). Once a petitioner moves for authorization to file a second or

successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements, which are set forth in § 2244(b)(2). See U.S.C. §2244(b)(3)(C). AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings. Burton v. Stewart, 549 U.S. 147 (2007)

A review of the computerized dockets of the Court of Appeals for the Third Circuit establishes that Petitioner has not sought nor received from it permission to file a second or successive petition. Therefore, the instant habeas petition must be dismissed because this Court lacks jurisdiction. Burton, 549 U.S. at 152-54. And, because this Court does not have jurisdiction, Respondents' Motion to Dismiss (Document # 16), in which it is argued that the instant petition is untimely under 28 U.S.C. § 2244(d), should be denied as moot.

### C.    Certificate of Appealability

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." In Slack v. McDaniel, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying this standard here, jurists of reason would not find it debatable whether the instant petition is a successive petition. Accordingly, a certificate of appealability should be denied.

### III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that the instant petition for writ of

3

habeas corpus be dismissed and that a certificate of appealability be denied.  I further recommend that Respondents' Motion to Dismiss (Document # 16), which is based upon allegations that the petition is untimely, be denied as moot.

In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4(B), the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.  See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).


                                                    /s/ Susan Paradise Baxter
                                                    SUSAN PARADISE BAXTER
Dated: December 1, 2008                             Chief U.S. Magistrate Judge